# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ED PLACKETT :
53b GLADYS AVENUE, NORTH END :
PORTSMOUTH, HAMPSHIRE PO2 9AZ :
UNITED KINGDOM OF GREAT BRITAIN
& NORTHERN ISLAND
:     Case No. _____
:     COMPLAINT FOR PERSONAL
:     INJURY

v. :

WASHINGTON DELUXE BUS INC. :
76 MORTON STREET :
BROOKLYN, NEW YORK 11249 :
:

AND :

GUNTHER CHARTERS, INC. :
7443 SHIPLEY AVENUE :
HARMANS, MD 21077 :

## COMPLAINT

COMES NOW, the Plaintiff, Ed Plackett, by and through the undersigned attorneys, and hereby

files this Complaint and states as follows:

## SUMMARY OF COMPLAINT

This is a complaint for personal injuries sustained to Mr. Plackett while on vacation in the United

States. Mr. Plackett traveled from the United Kingdom with friends. They decided to use the bus

services of the Washington Deluxe Bus, Inc. ("Defendant") to travel from New York to The

District of Columbia. While traveling on bus, the Defendant's driver failed to maintain eye contact

on the road and his surroundings. As a result, the driver did not recognize a disabled car in the road

way and at the last minute made a sudden hard stop, then an unexpected swerve of the passenger

bus. At this same time, Mr. Plackett was returning to his seat after retrieving an item from his

luggage. The force of this event, caused Mr. Plackett to be tossed several bus rows and hit his head. As result of defendant's negligence Mr. Plackett suffered a concussion, neck injury, and lump to his head. Additionally, Mr. Plackett has suffered continuous and ongoing headaches.

## JURISDICTION

1. As outlined further below, Plaintiff is a citizen of the United Kingdom of Great Britain and Defendant is resident corporate entity of the United States. Damages are claimed in excess of seventy-five thousand dollars ($75,000.00) the jurisdictional minimum limits of this Court. Jurisdiction is proper before this Court pursuant to 28 U.S.C. § 1332(a)(2) (alienage jurisdiction).

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as the events at issue occurred within Washington, D.C., with the nearest proximity to the U.S. District Court for the District of Columbia.

3. The U.S. District Court for the District of Columbia has diversity and subject matter jurisdiction over the parties.

## THE PARTIES

4. At all times relevant, Plaintiff Ed Plackett ("Mr. Plackett") was a British citizen. He remains a resident of Portsmouth, Hampshire, England.

5. At all relevant times, Washington Deluxe Bus Inc. ("Defendant Washington Bus") was and remains a New York domestic corporation doing business in Washington, D.C. and New York, with a registered agent location in Brooklyn, New York.

6. At all relevant times, Gunther Charters, Inc. ("Defendant Gunther"), was and is a Maryland company that owns and operates Washington Deluxe Bus, Inc.

2

## FACTAUAL BACKGROUND

7.  On April 16, 2016, Mr. Plackett was visiting the New York with a small group of friends. All residents of England.

8.  The group decided to take a bus from New York to Washington, D.C. where their departing flight to England was scheduled to leave.

9.  After researching the various companies that supply bus services from New York to the District of Columbia, they decided the services of the Defendant.

10. Defendant Washington Deluxe Bus advertises their bus services and reliable and safe.[1]

11. Upon information and belief Defendant Gunther owns and operates Defendant Washington Bus and is responsible for their services.

12. Mr. Plackett and his group paid for a ticket and proceeded to board a bus in New York and travel to the District of Columbia.

13. Mr. Plackett and his companions boarded Defendant's bus in New York City and began their journey to the District of Columbia.

14. Upon information and belief, once the bus returned to the District of Columbia, the driver failed to notice a disabled car on the side of the road.

15. At the last moment before impact, while driving at full speed, the driver made a sudden hard stop of the bus. The driver then swerved the bus off the road.

16. At this same time, Mr. Plackett was walking back to seat after retrieving an item from luggage. The sudden stop and unexpected swerve of the bus traveling at full speed caused Mr. Plackett to be thrown several rows head forward.

---

[1] See, www.washny.com

17. Mr. Plackett landed on his head first. The incident was witnessed by his traveling companion

18. Due to the initial shock, Mr. Plackett did not believe the fall was serious, just a lump on his head. He did, nevertheless, provided a statement to the driver. The driver stated that he swerved to avoid a disabled car. The driver did take Mr. Plackett name and address.

19. After some hours had passed, Mr. Plackett began to suffer headaches and neck pain. He went to an urgent care located in Dupont Circle where he received treatment.

20. Mr. Plackett returned back to England where his headaches persisted and he again returned to the hospital.

21. He was diagnosed with post-concussion syndrome and suffers headaches for over a year. Including sleepless nights and frequent pain during bright days.

## CAUSE OF ACTION (WASHINGTON DELUXE BUS): NEGLIGENCE

22. Mr. Plackett alleges paragraph 1-20 herein as if the same were alleged here.

23. Defendant's acts and omissions constitute negligence, in that Defendant's (acting by their employees/agents) failed to exercise ordinary care, and the duty of ordinary care, and the duty of ordinary care proximately caused personal injuries to Mr. Plackett.

24. Defendants' agents or servants, as well as Defendant, by wrongful acts, neglect, omissions, carelessness, unskillfulness, or default, also caused injuries and the resulting legal damages to Mr. Plackett and his family

25. Washington Deluxe Bus Incorporated is a common carrier. As a common carrier, Defendant, owe a duty of utmost care and vigilance of a cautious person toward its passengers. A common carrier is responsible for any, ever the slightest negligence, and is

required to do all human care, vigilance, and foresight reasonably can do under all the circumstances.

26. Defendant breached its duty toward its passenger, Mr. Plackett, when it operated in an unsafe manner by suddenly and without warning changed lanes in an aggressive manner that foreseeably resulted in the type of injury sustained by Mr. Plackett.

27. Defendant breached its duty towards Mr. Plackett when it failed to maintain road vigilance while transporting its passengers.

28. Defendant's act and omissions (acting by its employees/agents) constitute negligence as defined under applicable law.

29. As a direct and proximate result and/or legal cause of Defendant's negligence Mr. Plackett has suffered brain injury resulting in; severe headaches and sleepless nights that have lasted over a period of one year.

## CAUSE OF ACTION (GUNTHER CHARTERS INC.): NEGLIGENCE

30. Mr. Plackett alleges paragraph 1-29 herein as if the same were alleged here.

31. Defendant's acts and omissions constitute negligence, in that Defendant's (acting by their employees/agents) failed to exercise ordinary care, and the duty of ordinary care, and the duty of ordinary care proximately caused personal injuries to Mr. Plackett.

32. Defendants' agents or servants, as well as Defendant, by wrongful acts, neglect, omissions, carelessness, unskillfulness, or default, also caused injuries and the resulting legal damages to Mr. Plackett and his family

33. Gunther Charters Incorporated is a common carrier. As a common carrier, Defendant, owe a duty of utmost care and vigilance of a cautious person toward its passengers. A common

carrier is responsible for any, ever the slightest negligence, and is required to do all human care, vigilance, and foresight reasonably can do under all the circumstances.

34. Defendant breached its duty toward its passenger, Mr. Plackett, when it operated in an unsafe manner by suddenly and without warning changed lanes in an aggressive manner that foreseeably resulted in the type of injury sustained by Mr. Plackett.

35. Defendant breached its duty towards Mr. Plackett when it failed to maintain road vigilance while transporting its passengers.

36. Defendant's act and omissions (acting by its employees/agents) constitute negligence as defined under applicable law.

37. As a direct and proximate result and/or legal cause of Defendant's negligence Mr. Plackett has suffered brain injury resulting in; severe headaches and sleepless nights that have lasted over a period of one year.

**WHEREFORE**, Plaintiff, prays for the following relief:

For a judgment awarding him damages in excess of the minimum jurisdictional limits of the United States District Court, for pain, suffering, anguish, and other damages arising from ongoing injuries and for ongoing medical care.

For the cost, if any, of medical care provided to Mr. Plackett, whether paid by him or subject to subrogation claim by a third-party payor.

For any attorney's fees and all costs arising from this action; and

For any and all other relief, including punitive damages to the extent permitted by law, deemed appropriate by the Court.

Jury Trial Requested.

Date: March 18, 2019

Respectfully Submitted

/s/*Raymond R. Jones*
Raymond R Jones (497654)
910 17th Street, NW
STE 800
Washington, DC 20006
(T) 202-509-9788
(F) 202-644-8834
rjones@attorneyrayjones.co