UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ED PLACKETT,

        *Plaintiff*,

    v.

WASHINGTON DELUXE BUS, INC.,
*et al.*,

        *Defendants*.

Civil Action No. 1:19-cv-00794 (CJN)

## MEMORANDUM OPINION

Plaintiff Ed Plackett alleges that he was injured while traveling from New York City to Washington aboard Defendants' charter bus when the bus suddenly swerved and caused him to fall. *See* Am. Compl. ¶¶ 7–17, ECF No. 11. After seeking medical treatment in Washington, Plackett flew home to the United Kingdom. *Id.* ¶ 20. He later sued Washington Deluxe Bus, Inc. and Gunther Charters, Inc. in this Court, alleging a single count of negligence. *See generally id.* Defendants have moved to dismiss the Amended Complaint for lack of personal jurisdiction or improper venue or, in the alternative, to transfer the case to the United States District Court for the District of Maryland. *See generally* Defs.' Mot. to Dismiss or to Transfer Venue, ECF No. 13. The Court agrees that transfer will best serve the convenience of the Parties and the interest of justice and so will transfer the case to Maryland.

    **I.**    **Background**

Plackett is a U.K. citizen who traveled to the U.S. with friends on vacation in April 2017. Am. Compl. ¶ 7. After visiting New York City, the group purchased bus tickets to travel to Washington, D.C. *Id.* ¶¶ 12–13. Plackett claims that they selected Washington Deluxe's charter

1

in part because the company advertised its services as "reliable and safe." *Id.* ¶ 10. Plackett alleges that while the bus was traveling down the Baltimore-Washington Parkway in Anne Arundel County, Maryland, the bus driver failed to notice a disabled vehicle on the highway's shoulder until the last second. *Id.* ¶ 14. Upon seeing the car, the driver slammed on the brakes and swerved, narrowly missing the disabled vehicle. *Id.* ¶ 15. Plackett was out of his seat at the time, and the swift movements launched him forward several rows, where he hit his head. *Id.* ¶¶ 16–17. He returned to his seat for the remainder of the trip. *Id.* ¶ 18.

Upon arrival in Washington, Plackett informed the bus driver of the incident and provided his contact information. *Id.* Later that evening, Plackett developed a headache and neck pain. *Id.* ¶ 19. He obtained medical treatment but eventually returned to the U.K. as scheduled. *Id.* ¶ 19–20. His symptoms persisted, so he obtained follow-up treatment. *Id.* ¶ 20. Plackett's physician diagnosed him with post-concussion syndrome, which manifested itself in persistent headaches, insomnia, and sensitivity to bright lights. *Id.* ¶ 21.

Plackett sued Washington Deluxe and Gunther in this Court on March 21, 2019. *See generally* Compl., ECF No. 1. He later slightly amended his Complaint. *See generally* Am. Compl. The Amended Complaint asserts that Washington Deluxe is a New York corporation with its principal place of business in Brooklyn, NY and that Gunther is a Maryland corporation with its principal place of business in Maryland.[1] *Id.* ¶¶ 5–6. Defendants moved to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) and improper venue

---

[1] Defendants attached exhibits to their Motion to Dismiss confirming those citizenship allegations. *See* Defs.' Mot., Ex. 3 & 4, ECF No. 13-4 & 13-5. The Amended Complaint alleges that Gunther is a parent corporation of Washington Deluxe. ¶ 6. Defendants deny a parent/subsidiary relationship in their Motion but do not explain how the two corporations relate to one another. *See* Defs.' Memo. in Support of Mot. to Dismiss or to Transfer Venue. ("Mot.") at 3 & n.4, ECF No. 13-1.. But because they admit that they are both proper Defendants, their specific corporate relationship is not relevant to the Motion to Transfer. *Id.*

under Federal Rule of Civil Procedure 12(b)(3) or, in the alternative, to transfer the case for the convenience of the Parties to the Northern Division of the U.S. District Court for the District of Maryland, sitting in Baltimore, under 28 U.S.C. § 1404(a). *See generally* Mot.

## II. Legal Standard

Defendants state that they prefer to transfer the case rather than to dismiss it and cause Plaintiff to refile his Complaint in Maryland. *See* Mot. at 14. Although the Court must normally assure itself of jurisdiction before proceeding to other issues, "certain nonmerits, nonjurisdictional issues may be addressed preliminarily, because '[j]urisdiction is vital only if the court proposes to issue a judgment on the merits.'" *Taylor v. Shinseki*, 13 F. Supp. 3d 81, 85 (D.D.C. 2014) (quoting *Pub. Citizen v. U.S. Dist. Court for the Dist. of Columbia*, 486 F.3d 1342, 1348 (D.C. Cir. 2007)). A decision to transfer a case for the convenience of the Parties is not an adjudication on the merits. *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007). "Because there is no automatic priority for sequencing jurisdictional issues, a court may decide questions of venue before addressing issues of personal or subject matter jurisdiction." *Shay v. Sight & Sound Sys., Inc.*, 668 F. Supp. 2d 80, 82 (D.D.C. 2009); *see also Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979) ("[W]hen there is a sound prudential justification for doing so, . . . a court may reverse the normal order of considering personal jurisdiction and venue."). The Court therefore evaluates Defendants' Motion to Transfer before reaching jurisdiction.[2]

---

[2] The Court's decision to bypass the question of personal jurisdiction is due in part to Plaintiff's briefing, which neglected to assert the basis for exercising personal jurisdiction over non-resident corporations or even to mention the D.C. Long-Arm Statute, D.C. Code § 13-423. *See* Pl.'s Opp'n to Defs.' Mot. to Dismiss or Transfer ("Opp'n") at 1–2, ECF No. 15 (asserting jurisdiction under 28 U.S.C. § 1391(d), which provides guidelines for determining proper venue when suing corporations that are citizens of States containing multiple federal judicial districts— neither Maryland nor the District of Columbia contain multiple districts).

3

A plaintiff may bring a civil action in either "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or "a judicial district in which a substantial part of the events . . . giving rise to the claim occurred." 28 U.S.C. § 1391(b)(1)–(2). But a defendant may move to transfer the case "to any other district . . . where it might have been brought" "[f]or the convenience of the parties and witnesses" and "in the interest of justice." *Id.* § 1404(a). That decision is within the Court's discretion and requires "an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). "The moving party bears the initial burden of establishing that transfer is proper." *Mandan, Hidatsa, & Arikara Nation v. U.S. Dep't of Interior*, 358 F. Supp. 3d. 1, 6 (D.D.C. 2019).

### III.     Analysis

To show that transfer to the District of Maryland is proper, Defendants must demonstrate by a preponderance of the evidence (1) that Plaintiff could properly have filed the case in that court and (2) "that considerations of convenience and the interest of justice weigh in favor of transfer." *Brannen v. Nat'l R.R. Passenger Corp.*, 403 F. Supp. 2d 89, 92 (D.D.C. 2005). Plackett does not seriously dispute that he could have filed the suit in Maryland. After all, the incident occurred there. *See* John Eskridge's Decl. ¶ 3, ECF No. 13-2. In addition, Maryland courts have general jurisdiction over Gunther because it is a Maryland corporation, *see* Mot. at 6 (citing Md. Code. Ann., Cts. & Jud. Proc. § 6-102(a)), and Maryland's Long-Arm Statute permits its courts to "exercise personal jurisdiction over a person, who directly or by an agent . . . [c]auses tortious injury in the State by an act . . . in the State," thereby covering Washington Deluxe, *id.* at 7 (quoting Md. Code. Ann., Cts. & Jud. Proc. § 6-103(b)(3)).[3]

---

[3] Plackett argues that the District of Columbia is the only judicial district in which both Defendants "reside" for the purposes of 28 U.S.C. § 1391(b)(1), but he does not address

Plackett instead focuses his arguments on whether considerations of convenience and justice support transfer. The Court first considers six private interest factors: "(1) the plaintiff's choice of forum; (2) the [defendants'] choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses; and (6) the ease of access to sources of proof." *Brannen*, 403 F. Supp. 3d at 92. It also considers three public interest factors: "(1) the transferee[ court's] familiarity with the governing laws; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding local controversies at home." *Id.* at 95. These factors weigh strongly in favor of transfer.

### A. The Private Interests Weigh in Favor of Transfer

**1.     Plaintiff's Choice of Forum is Entitled to Little Weight**

As Plackett correctly notes, plaintiffs are normally entitled to litigate in the forum of their choice. Opp'n at 4 (citing *Collins v. Straight, Inc.*, 748 F.2d 916, 921 (4th Cir. 1984)). In the typical case, "[u]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil v. Gilbert*, 330 U.S. 501, 508 (1946). But that's not necessarily true when the plaintiff chooses to litigate away from his home forum. "When the home forum has been chosen, it is reasonable to assume that this choice is convenient. When the plaintiff is foreign, however, this assumption is much less reasonable. Because the central purpose of any *forum non conveniens* inquiry is to ensure that the trial is convenient, a foreign plaintiff's choice deserves much less deference." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235,

---

§ 1392(b)(2), which establishes venue in the district where the "events . . . giving rise to the claim occurred." Because the event occurred in Maryland, *see* Eskridge Decl. ¶ 3, venue is proper there. *See also Brannen*, 403 F. Supp. 3d at 92 (holding that venue was proper in Maryland in case over train derailment in Kensington, Maryland while en route to Washington).

255–56 (1981). Here, "[w]hile the plaintiff argues that the [bus] was en route to [D.C.], [Opp'n at 6], the events surrounding the accident lack a meaningful connection to [D.C.]. Because the District of Columbia is not the plaintiff's home forum and lacks meaningful ties to the controversy, the court affords little deference to the plaintiff's choice of forum." *Brannen*, 403 F. Supp. 3d at 93. The first factor does not meaningfully affect the balance in this case.

2. **Defendants' Choice of Forum Deserves Some Weight**

"A defendant's choice of forum must be accorded some weight if the defendant presents legitimate reasons for preferring to litigate the case in the transferee district." *Gulf Restoration Network v. Jewell*, 87 F. Supp. 3d 303, 313 (D.D.C. 2015) (internal quotation omitted). Gunther is a Maryland corporation with its principal place of business in Hanover, Maryland. *See* Mot., Ex. 3 at 1. Its corporate records and employees are in Hanover. *Id.* John Eskridge, who drove Plackett's bus, lives and works near the company's office in Hanover. Mark Whelan's Decl. ¶ 7, ECF No. 13-3. Anne Arundel County, the site of both the company's office and the incident, lies within the Northern Division of the U.S. District Court for the District of Maryland. 28 U.S.C. § 100(1). The second factor weighs in favor of transfer.

3. **The Claim Arose in Maryland**

The incident took place on a Maryland road. Eskridge Decl. ¶ 3. Although the bus was bound for the District of Columbia, "[a]s this is a personal injury claim, the material events that constitute the factual predicate for the plaintiff's claims occurred in Maryland." *Brannen*, 403 F. Supp. 3d at 93 (internal quotation omitted). The third factor also weighs in favor of transfer.

4. **Neither Forum is Significantly More Convenient for the Parties or Witnesses**

Many courts in this District have held that the close proximity of the courthouses in the District of Columbia and Maryland "minimiz[es] any inconvenience to the parties and any witnesses." *Liban v. Churchey Group II, LLC*, 305 F. Supp. 2d 136, 142 (D.D.C. 2004). Indeed,

6

Gunther's office is located near Baltimore-Washington International Airport (BWI), a terminal that services both cities and is designed to be conveniently accessible from both locations. Consequently, the fourth factor—the convenience of the parties—carries little weight.

As to the fifth factor, Plaintiff argues that "the overwhelming number of witnesses reside outside Maryland," Opp'n at 4, but he does not assert that those witnesses live in the District of Columbia. Other than the medical personnel who treated Plackett's injuries, Plackett has identified no witnesses located here. The only known witnesses to the incident are Plackett's travel companions (who all live in the U.K.) and one third-party observer who provided her contact information to the driver, including a phone number with a New York area code. *See* Whalen Decl. at 5. Meanwhile, Defendants note that any Washington Deluxe staff will need to travel from New York and that litigating in Baltimore will reduce their travel time. Mot. at 10.

Plaintiff cites several cases for the proposition that defendants moving to transfer a case must "submit affidavits from witnesses and parties involving that explain the inconvenience and hardship that would be suffered in the case were heard in the plaintiff's chosen forum." Opp'n at 5 (citing *Dow v. Jones*, 232 F. Supp. 2d 491, 499 (D. Md. 2002). But those cases involved either plaintiffs litigating in their home forums (and therefore presumptively entitled to remain at home) or operating under binding forum selection clauses in contracts. *See, e.g.*, *CoStar Realty Info., Inc. v. Meissner*, 604 F. Supp. 2d 757 (D. Md. 2009) (holding that forum selection clause overrode all other considerations); *Dow*, 232 F. Supp. 2d at 499 (holding that the balance of factors was even and deferring to plaintiff's choice to litigate at home); *Helsel v. Tishman Realty & Constr. Co., Inc.*, 198 F. Supp. 2d 710 (D. Md. 2002) (declining to transfer slip-and-fall case to Puerto Rico, where accident occurred at resort, because shower manufacturer had no significant ties to Puerto Rico and was subject to jurisdiction in plaintiff's home). None of those

holdings applies in a situation in which a foreign plaintiff has chosen a forum to which he has no appreciable connection. *See Brannen*, 403 F. Supp. 2d at 93 (declining to respect Arizona plaintiff's forum selection in D.C.); *Sheldon v. Nat'l R.R. Passenger Corp.*, 355 F. Supp. 2d 174 (D.D.C. 2005) (transferring train derailment case to Florida, the site of the accident); *Fenwick v. Nat'l R.R. Passenger Corp.*, No. 91-cv-2617, 1991 WL 257978 (D.D.C. Nov. 20, 1991) (transferring train derailment case to Virginia, the site of the accident).

Accordingly, although the fourth and fifth factors are of little weight, they favor transfer.

### 5. The Sources of Proof are in Maryland

As noted above, the scene of the near accident—where Plaintiff suffered his injuries—is in the District of Maryland. Eskridge Decl. ¶ 3. The same is true of the company's records containing employment, training, safety, and vehicle maintenance information. *See* Mot., Ex. 3 at 1. The sixth factor also favors transfer.

## B. The Public Interest Factors Weigh in Favor of Transfer

### 1. Federal Courts in Maryland are Best Situated to Apply Maryland Law

"[T]he public interest is best served by having a case decided by the federal court in the state whose laws govern the interests at stake." *Brannen*, 403 F. Supp. 2d at 95 (internal quotation omitted). "The District of Maryland is surely more familiar than this [C]ourt with the application of Maryland law." *Id.* (internal quotation omitted). This factor favors transfer.

### 2. Maryland Courts are Not Overly Congested

In Fiscal Year 2019, the District of Maryland has more civil filings per judge (397) than did this District (259); more pending cases per judge (559) than D.C. (343); and a longer average time from filing to disposition (7.9 months) than D.C. (5.1 months). *See* Admin. Office of the U.S. Courts, "U.S. District Courts—Combined Civil and Criminal Federal Court Management Statistics" (Sep. 30, 2019), https://www.uscourts.gov/statistics/table/na/federal-court-

management-statistics/2019/09/30-1. On the other hand, courts in this district had a higher number of civil cases more than three years old (659) than did Maryland (437) and a longer average time from filing to trial (46.7 months) than in Maryland (43.7 months). *Id.* And the District of Maryland is not unusually busy; among 94 judicial districts, it ranks 29th in civil filings per judge, 32nd in pending cases per judge, 25th in average time from filing to disposition, 61st in the number of civil cases more than three years old, and 43rd in average time from filing to trial. *Id.* The second factor therefore weighs only slightly against transfer.

### 3. Maryland has an Interest in Deciding the Case

As noted above, the accident has no meaningful connection to the District of Columbia; all critical events took place in Maryland. States have a general interest in deciding local cases, *Brannen*, 403 F. Supp. 2d at 96, and Maryland has a particular interest in enforcing its own tort laws as they apply to accidents occurring on its own highways. The third factor favors transfer.

## IV. Conclusion

Although plaintiffs are usually entitled to select their preferred forum, that interest is diminished when both the plaintiff and the events giving rise to the claim lack any connection to the plaintiff's chosen forum. In this case, the Court finds that the majority of the factors relating both to the convenience of the Parties and the interest of justice warrant transfer to the district in which the incident occurred and in which one of the two Defendants is incorporated.

Defendants' Motion to Transfer is therefore **GRANTED**. Defendants' arguments to dismiss the case for lack of personal jurisdiction or improper venue are **DENIED** as moot. An Order will be entered contemporaneously with this Memorandum Opinion.

DATE: January 23, 2020

CARL J. NICHOLS
United States District Judge